### Rose Maddox v. James Maddox.

1. DIVORCE — *Cruelty Within the Statute.*—Cruelty, for which divorce under our statute can be granted, must be such as is inflicted by, or is accompanied with, some act of physical force or violence.

2. SAME—*What is Not Sufficient.*—A failure to provide a suitable dwelling and sufficient clothing and food by the husband for his wife and children for three years, does not constitute such extreme and repeated cruelty as entitles the wife to a divorce under our statute.

**Divorce.**—Error to the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

W. C. Johns, attorney for plaintiff in error.

Under the statute it must appear that the defendant has been guilty of " extreme and repeated 'cruelty." Ill. Stat. Chap. 40, Sec. 1.

Cruelty is such conduct in one of the married parties as renders further cohabitation dangerous to the physical safety of the other, or creates in the other such reasonable apprehension of bodily harm as materially to interfere with the discharge of marital duty.   1 Bish. Mar. & Div. 5th Ed. Sec. 715, *et seq.*

For other definitions of cruelty, see 1 Rap. & Law. Law Dic. 325; Standard Dictionary, title " Cruelty;" 5 Am. & Eng. Ency., 1st Ed., 790.

Redmon & Hogan, attorneys for defendant in error.

To constitute a ground for divorce under the statutes of Illinois, the defendant must have been guilty of extreme and repeated cruelty.   Starr & Curtis' Statutes, Chap. 40, Sec. 1.

The extreme and repeated cruelty mentioned in the statute must consist of acts of physical violence.   Vignos v. Vignos, 15 Ill. 186; Embree v. Embree, 53 Ill. 394; Henderson v. Henderson, 88 Ill. 248; Fizette v. Fizette, 146 Ill. 328.

Mr. Justice Burroughs delivered the opinion of the court.

This was a bill of complaint in chancery, filed in the Circuit Court of Macon County by plaintiff in error, Rose Maddox, against defendant in error, James Maddox, in which she prays for a divorce on the grounds of alleged extreme and repeated cruelty.   A demurrer to the bill was interposed and sustained, and plaintiff in error having abided by her bill, the court entered a decree dismissing the same for want of equity, to reverse which this writ of error is prosecuted.

The only acts of cruelty charged in the bill are that the defendant in error compelled plaintiff in error and their two children to reside with him in a shed or cow pen for three years; and that during that time he failed to furnish them with sufficient food and clothing.   There was no affirmative

acts or threats of physical force or violence averred. Counsel for plaintiff in error, in effect, contends that failure to provide suitable dwelling and sufficient clothing and food by the husband for his wife and children for three years, constitute such extreme and repeated cruelty as entitles the wife to a divorce under our statute, although the husband at no time has used or threatened to use, physical force or violence upon her person.

Section 1, chapter 40, Starr & Curtis' Ill. Statutes, entitled " Divorce," provides :

"That in every case in which a marriage has been, or hereafter may be contracted and solemnized between any two persons, and it shall be adjudged, in the manner hereinafter provided, that either party at the time of such marriage was, and continues to be, naturally impotent; or that he or she had a wife or husband living at the time of such marriage; or that either party has committed adultery subsequent to the marriage; or has willfully deserted or absented himself or herself from the husband or wife without any reasonable cause, for the space of two years, or has been guilty of habitual drunkenness for the space of two years; or has attempted the life of the other by poison or other means showing malice; or has been guilty of extreme and repeated cruelty; or has been convicted of felony or other infamous crime, it shall be lawful for the injured party to obtain a divorce and dissolution of such marriage contract."

While it is difficult to define with precision what is and what is not extreme and repeated cruelty, the same act, by reason of the circumstances surrounding and preceding it, not being as cruel sometimes as it is at others, making it necessary that each case, to a large degree, be judged by itself (Ward v. Ward, 103 Ill. 477), yet it has heretofore been uniformly held by the courts of this State, that the cruelty for which a divorce can be granted, under our statute, must be such as is inflicted by, or is accompanied with some acts of physical force or violence, which may subject the aggrieved person to the danger of bodily harm, and render cohabitation unsafe. Henderson v. Henderson, 88 Ill. 248; Fizette v. Fizette, 146 Ill. 328, and cases cited. In the Henderson case, *supra*, the decree of the trial court

in favor of the complainant for a divorce on the ground of extreme and repeated cruelty (our statute then being the same as now) was reversed on the ground (among others) that the trial court improperly gave this instruction : " Personal cruelty may consist in other wrongs than mere physical violence and may be by any means that tend to render the life of the person wretched and miserable."

Courts ought not to grant divorces for causes other than those specified in the statute. The only cause relied upon in this case is that the husband was guilty of extreme and repeated cruelty toward his wife, and yet in her bill she omits to charge that he ever used, or threatened to use, any physical force or violence toward her, thereby omitting an essential element to constitute such cruelty as the statute authorizes a divorce for, as construed by a long and familiar line of decisions of the Supreme and Appellate Courts of this State.

The Circuit Court therefore properly sustained the demurrer to the bill, and its decree dismissing same will be affirmed.